UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $156,373 UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

## PROPERTY SUBJECT TO FORFEITURE

3.   The property is described as follows: $156,373 United States currency, which was seized on July 5, 2023, by law enforcement officers from a vehicle under the control of Edgar HERNANDEZ-NUNEZ and Andres TORRES-RODRIGUEZ.

4.   On or about August 30, 2023, Mr. HERNANDEZ-NUNEZ submitted a claim to the Drug Enforcement Administration (DEA) contesting administrative forfeiture of the seized currency.

## STATUTORY BASIS FOR FORFEITURE

5.   The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

6.   The seized currency is subject to forfeiture, under 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, money laundering, and 18 U.S.C. § 1960, conducting an unlicensed money transmitting business, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violations listed in this paragraph.

## FACTUAL BASIS FOR FORFEITURE

7. Detective Powledge of the Friendswood Police Department was conducting surveillance at banking institutions within his jurisdiction due to reports of robberies involving victims exiting local banks.[1] During his surveillance, Detective Powledge observed a maroon Mazda CX5 with Arizona registration of CKP6799 leaving a Chase bank in Friendswood, Texas. Detective Powledge reported that the occupants of the Mazda were loitering around bank parking lots and did not appear to be conducting banking business.

8. Detective Powledge continued surveillance on the subjects he had observed and followed them as they then traveled to League City, Texas and parked near another Chase Bank located in the 1700 block of FM 646. Based on Detective Powledge's observations, he contacted Detective Shayne Yount with the League City Police Department to assist him in his surveillance after being debriefed on the suspicious activity. Detective Powledge continued his surveillance and saw the occupants of the vehicle depart from this area and travel to another Chase Bank branch located in the 2600 block of E. League City Parkway. It was at this time that League City Detective Yount arrived to assist with the surveillance. ,Detective Yount saw the driver of the Mazda, later identified as Edgar Hernandez-Nunez, in the bank parking lot. Another male, later identified as Andres Torres-Rodriguez, was seen leaving the bank and carrying a backpack. He entered the Mazda.

9. Detectives followed the Mazda and observed its driver commit a traffic violation[2] which was reported to a marked unit. Officer Drew Thomas conducted a traffic stop of the Mazda at the 600 block of E. FM 646, in League City. The driver, Andres Hernandez-Nunez (Hernandez-

---

[1] This is a recurring problem and known by the slang term "jugging."

[2] Detective Yount observed the Mazda unlawfully driving on the shoulder of a roadway.

Nunez), identified himself by presenting his Arizona driver's license. Passenger Andres Torres-Rodriguez (Torres-Rodriguez) identified himself by providing his name and date of birth. Hernandez-Nunez stated he was on the way to pick up Torres-Rodriguez's brother. Hernandez-Nunez also said he was coming from his home in Pasadena, Texas.

10. Officer Thomas inquired as to the owner of the Mazda and whether there was anything illegal in the vehicle. Hernandez-Nunez stated he was the owner of the vehicle. Both Hernandez-Nunez and Torres-Rodriguez stated that nothing illegal was in the vehicle and both consented to a search.

11. Officer Thomas noticed the smell of marijuana emanating from the interior of the Mazda. During a search of the vehicle, financial records from Chase Bank were found indicating large cash deposits into multiple bank accounts; wire transfers by Hernandez-Nunez and Torres-Rodriguez from different business accounts conducted at different branch banks to Euro Exchange Securities, UK, LTD; multiple Chase Bank Visa business debit cards in the names of Hernandez-Nunez and Torres-Rodriguez; and other financial documents referencing the movement of money from different business accounts. Subsequent interviews of two Chase Bank branch managers confirmed that on July 5, 2023, Hernandez-Nunez and Torres Rodriguez conducted large wire transfers.[3]

12. A black backpack was located on the rear passenger seat of the Mazda and found to contain several heat-sealed, plastic wrapped bundles of cash and a cardboard box with additional currency. The United States currency totaled $156,373.

13. Neither Hernandez-Nunez nor Torres-Rodriguez claimed ownership of the currency. Torres-Rodriguez stated the cash belonged to his twin brother and was proceeds from his

---

[3] The branch manager of the Chase Bank located on West Parkway in Friendswood, Texas advised law enforcement that Hernandez-Nunez conducted two wire transfers in the amounts of $35,324 and $26,011.

brother's management of Air Bed and Breakfast (Airbnb's) locations for a "company."[4] Hernandez-Nunez also stated the bag belonged to Torres-Rodriguez's brother.[5]

14. On July 5th, 2023, a League City Police K9 was presented with several boxes, one containing the seized currency. The League City Police K-9 gave a positive alert for the presence of the scent of narcotics on the box containing the seized currency.

## CONCLUSION

15. Based on the foregoing facts, there is probable cause to believe that the seized currency was involved in money laundering and part of an unlicensed money transmitting business. Furthermore, there is probable cause to believe that the seized currency was intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first

---

[4] Typically, this business is known for an online presence with electronic payments.
[5] The statement by Torres-Rodriguez and Hernandez-Nunez are inconsistent with the claim of ownership filled by Hernandez-Nunez on August 30, 2023.

day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria St. Laredo, TX 78040. 1300 Victoria St. Laredo, TX 78040. A copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

 /s/ *Mary Ellen Smyth*
Mary Ellen Smyth
Assistant United States Attorney
Tex. Bar: 18779100
Southern District Texas Adm.:31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Phone: 956-723-6523
Email: Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Walter Hammann, a Drug Enforcement Agency (DEA) Task Force Officer, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 7-14 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the *15th* day of November 2023.

Walter Hammann, Special Agent
Drug Enforcement Agency Task Force Officer

*Christine Meadows*
*11-15-2023*

CHRISTINE MEADOWS
Notary Public, State of Texas
Comm. Expires 06-22-2025
Notary ID 12333530